MARY ROBINSON, PETITIONER-APPELLANT v. DAVID T. FLAHERTY, SECRETARY, N. C. DEPT. OF HUMAN RESOURCES, RESPONDENT-APPELLEE

No. 8818SC488

(Filed 4 April 1989)

**Social Security and Public Welfare § 2— recoupment of past AFDC overpayments—utility allowances not considered**

The DSS may not treat Section 8 utility allowances as part of a family's "liquid resources and income" in computing the amount it can withhold from monthly AFDC checks in recouping past AFDC overpayments under 42 U.S.C.A. Sec. 602(a)(22) so long as the State AFDC plan does not expressly

consider such allowances as income in determining the recipient family's initial need for aid under 42 U.S.C.A. Sec. 602(a)(7)(C)(ii).

APPEAL by petitioner from *Beaty (James A., Jr.), Judge.* Order entered 12 February 1988 in Superior Court, GUILFORD County. Heard in the Court of Appeals 30 November 1988.

*Central Carolina Legal Services, Inc., by Stanley B. Sprague, for petitioner-appellant.*

*Attorney General Lacy H. Thornburg, by Associate Attorney General Martha K. Walston, for the respondent-appellee.*

GREENE, Judge.

This appeal arises from the superior court's affirmation of the decision by the North Carolina Department of Human Resources, Division of Social Services ("DSS") to recover certain AFDC overpayments to petitioner by reducing her monthly AFDC check. The administrative record shows that, over a period of several years, DSS mistakenly overpaid petitioner $852 in AFDC benefits. In exercising its statutory authority to recoup such overpayments, DSS included certain utility allowances (hereinafter, "Section 8 utility allowances") as income in computing the monthly amount DSS was authorized to withhold. *See* 42 U.S.C.A. Sec. 1437f (West 1978 & 1988 Cum. Supp.) (authorizing utility allowances under Section 8 of the United States Housing Act of 1937); 42 U.S.C.A. Sec. 602 et seq. (West 1983 & 1988 Cum. Supp.) (hereafter sometimes called "Section 602").

In authorizing DSS to reduce future aid in order to recoup past overpayments, Section 602(a)(22) provides that DSS cannot reduce a monthly AFDC check *"when added to such family's liquid resources and its income . . ."* to "less than 90 percent of the amount payable under the State plan" for a family of that particular size. 42 U.S.C.A. Sec. 602(a)(22) (West 1983) (emphasis added). DSS added petitioner's $309 AFDC check and petitioner's $121 Section 8 utility allowance to arrive at a total assessable income of $430 per month. From that total amount of $430, DSS subtracted $278 (90 percent of $309, the AFDC "payment standard"), leaving $152 that DSS could recoup from petitioner's monthly AFDC check. Thus, petitioner's monthly check was reduced from $309 to $152. After a preliminary injunction was issued enjoining DSS from con-

ROBINSON v. FLAHERTY

[93 N.C. App. 319 (1989)]

sidering such utility allowances in recouping AFDC overpayments, the superior court affirmed the DSS hearing officer's decision allowing the consideration of such subsidies. Petitioner appeals.

---

The sole issue presented is, given the State's current AFDC plan for services, whether Section 602(a)(22) permitted DSS to treat Section 8 utility allowances as part of a family's "liquid resources and income" in computing the monthly amount it could withhold in recouping past AFDC overpayments. In light of the overall structure of Section 602 and the express language of Section 602(22), we hold DSS may not treat Section 8 utility allowances as "liquid resources or income" for recoupment purposes so long as the State AFDC plan does not expressly consider such subsidies as income in determining the recipient's initial need for aid under Section 602(a)(7)(C)(ii). We therefore reverse the superior court's judgment.

The statutory source of DSS's obligation to recoup AFDC overpayments is Section 602(a)(22):

[The State plan shall] provide that the State agency will promptly take all necessary steps to correct any overpayment . . . and, in the case of—

(A) an overpayment to an individual who is a current recipient of such aid, recovery will be made by repayment by the individual or by reducing the amount of any future aid payable to the family of which he is a member, except that such recovery shall not result in the reduction of aid payable for any month, such that the aid, when added to such family's liquid resources and to its income (*without application of paragraph (8)* ), is less than 90 percent of the amount payable under the State plan to a family of the same composition with no other income . . .

42 U.S.C.A. Sec. 602(a)(22) (West 1983 & 1988 Cum. Supp.) (emphasis added). In enacting Section 602(a)(22), Congress has balanced petitioner's need for an adequate monthly income with the government's need to recoup overpayments by permitting DSS to assess petitioner's income without excluding certain income sources (listed in Section 602(a)(8) ) which are otherwise disregarded in computing petitioner's income. Section 8 utility allowances are nowhere listed as a proper "disregard" under Section 602(a)(8). Since there are thus no sources of income added by excluding Section 602(a)(8),

the permitted sources of assessable income for recoupment pur-
poses are in this case controlled by the general income provisions
set forth in Section 602(a)(7). *See Smith v. Powell*, 293 N.C. 342,
345, 238 S.E. 2d 137, 140 (1977) (unless context clearly requires
otherwise, statutory definition of term employed wherever such
term appears). Sub-section (C) of Section 602(a)(7) states:

> [The State agency] may, in the case of a family claiming or
> receiving aid under this part for any month, take into con-
> sideration as income (*to the extent the State determines ap-
> propriate, as specified in such plan, and notwithstanding any
> other provision of law*) . . . (ii) an amount not to exceed the
> value of any rent or housing subsidy provided to such family,
> to the extent such value duplicates the amount for housing
> included in the maximum amount that would be payable under
> the State plan to a family of the same composition with no
> other income.

42 U.S.C.A. Sec. 602(a)(7)(C)(ii) (West 1983) (emphasis added). In
this case, Section 8 utility allowances may not be considered under
Section 602(a)(7)(C)(ii) since DSS admits that the State plan nowhere
expressly specifies consideration of such subsidies as "income" in
determining a recipient's need for aid. Thus, we conclude under
these facts that DSS is accordingly not authorized to consider Sec-
tion 8 utility allowances in computing the amount it may recoup
from monthly AFDC checks under Section 602(a)(22).

We also note that, even if the State plan had permitted con-
sideration of such allowances, Section 602(a)(7)(C)(ii) limits the amount
of such subsidy considered to "an amount not to exceed the value
of any rent or housing subsidy provided . . . *to the extent such
value duplicates the amount for housing included in the maximum
amount that would be payable under the State plan to a family
of the same composition with no other income* . . . ." 42 U.S.C.A.
Sec. 602(a)(7)(C)(ii) (emphasis added). Thus, even if Section 8 utility
allowances were considered under the current State plan, the record
does not show DSS considered the limits provided in Section
602(a)(7)(C)(ii).

We reject DSS's reliance on a decision of the Minnesota Supreme
Court holding the definition of "income" used in computing a recip-
ient's initial need for aid did not necessarily define the scope of
"income" subject to recoupment. *Steere v. State Dept. of Public
Welfare*, 308 Minn. 390, 243 N.W. 2d 112 (1976). The *Steere* analysis

represents that court's attempt to balance the recipient's need for an adequate income against the State's need to recoup over-payments; however, *Steere* was decided before Congress enacted the mandatory statutory recoupment scheme set forth in Section 602(a)(22). Therefore, the legislative balancing of interests evidenced by Section 602(a)(22) and related provisions has supplanted any contrary judicial scheme.

Accordingly, we hold that DSS exceeded its statutory authority in considering Section 8 utility allowances for purposes of recouping AFDC overpayments under Section 602(a)(22). We thus reverse the judgment of the superior court affirming DSS's consideration of petitioner's Section 8 utility allowances for recoupment purposes and remand the case for further proceedings consistent with this opinion.

Reversed and remanded.

Judges BECTON and EAGLES concur.